[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated April 15, 1999 the plaintiff, Teresa R. Donihee commenced this action seeking a dissolution of marriage on the grounds of irretrievable breakdown and other relief. The defendant appeared through counsel and filed a cross-complaint dated June 7, 1999. Both parties appeared with counsel July 7, 1999 and the plaintiff proceeded on her complaint. The parties presented testimony and introduced documentary evidence. The court, after hearing the testimony and reviewing the exhibits, makes the following findings of fact.
The plaintiff, whose maiden name was Teresa Richard, married the defendant on May 2, 1981 in Enfield, Connecticut. She has resided continuously in the State of Connecticut for at least 12 months next preceding the filing of the complaint. All statutory stays have expired. The parties have three (3) children issue of the marriage, two of whom are still minors: Casey Philip Donihee, born September 8, 1982 and Kathleen Marie Donihee, born May 1, 1986. No other minor children have been born to the plaintiff since the date of the marriage. The court further finds that neither party or their children have been the recipients of any aid from the State of Connecticut or any municipality thereof.
The plaintiff is 42 years of age. She is in good health but has a thyroid condition which is controlled by medication and does not present CT Page 11058 a problem. She presently resides in the marital residence located at 23 North Main Street in Windsor Locks, Connecticut with the parties three children. The parties separated in September of 1999. She graduated high school in 1975 and further obtained an associates degree from Asnuntuck Community College. She is presently employed full-time with the Butler Company in Windsor, Connecticut as a secretary/receptionist with a gross weekly earnings of $440. She is paid at the hourly rate of $11/hr. with no benefits other than medical insurance. Her earnings history has been limited to hourly paid jobs. She returned to work after the birth of her second child. Her present earning capacity is $440 per week. Her opportunity for substantial increases in her earnings are limited.
The defendant is 48 years of age. He is in good health but does have diabetes. He presently resides in two rooms in a boarding house located in Broad Brook, Connecticut. There are 12 apartments in the boarding house and the defendant has to share a bathroom. He has a high school education. For the past 30 years he has been employed full-time by the Dexter Corporation in Windsor Locks, Connecticut. At the present time he is a material handler and drives a forklift. His current average income per week amounts to $743 with a base 40 hour weekly wage of $637 with the difference being from overtime. In prior years he had significantly more overtime which has been reduced in recent months. His employer is in the process of selling all of its components to several buyers, and when completed, will cease to exist. His present earning capacity is $743 which may be impacted by the breakup of his employer. Substantial increases in his earnings are doubtful.
The parties were childhood sweethearts and have been married for 19 years. When they married the defendant had already been employed at Dexter for approximately 11 years. The plaintiff has been the primary caretaker of the children while the defendant has been the primary source of income for the family. The parties have stipulated that fault should not be a factor to be considered by the court in determining the financial orders.
The defendant had premarital assets which consisted of $10,700 in his 401K plan at Dexter and a 1/2 interest in 348 Elm Street in Windsor Locks, Connecticut. The property was formerly his mothers' and the defendant presently owns it with his brother. The property is in very poor condition and has value only as a lot. The plaintiff waived any interest in the property including any marital income used for repairs. Although the defendant listed his interest on his financial affidavit as $35,000 the evidence by way of a formal appraisal reflects a value of $20,000.
The parties stipulated that the marital residence has a fair market CT Page 11059 value of $93,000. This value is substantiated by a formal appraisal. It is in need of repairs which would cost in the range of $13,000-$15,000. The real estate taxes due in July of 2000 have not been paid although counsel for the plaintiff has income tax refund checks he is holding which historically have been used to pay the real estate taxes.
In 1983 the parties purchased a trailer for their living quarters. It cost $40,000 and the purchase price was paid by a $24,000 gift and a $16,000 loan both from the plaintiffs father. The parties made payments on the loan until 1988 when the plaintiff father purchased the trailer and the parties moved into the present marital residence. The purchase price of the marital residence was $133,500 which was paid for by a gift from the plaintiffs father in the amount of $24,000 and a loan of $95,000. Because of a substantial decline in the value of the property the plaintiffs father forgave $32,000 plus of the indebtedness.
The plaintiff received a gift of a 1999 Nissan Altima from her aunt and sister which has a present value of $13,000. Their was credible evidence of other gifts from the plaintiffs parents. However, there was no evidence of the plaintiffs' family's financial circumstances or their ability to make future gifts.
The defendant worked for his father-in-law part-time over a four year period. He was a good worker. In addition, he did a substantial amount of repair work on the marital residence. Both of the parties earnings were used to support the family. The court further finds that the gifts made by the plaintiffs parents were intended to be for the benefit of both of the parties and their children with the exception of the 1999 Nissan. Further, the forgiveness of the indebtedness was for the joint benefit of both of the parties.
The court has considered all of the statutory factors concerning custody and visitation set out in Connecticut General Statutes §§46b-56, 46b-56a and 46b-59. The court has further considered all of the factors in Connecticut General Statutes §§ 46b-81, 46b-82, 46b-89 and46b-62 and other pertinent statutes, earning and earning capacity differentials, causes for the breakdown of the marriage and the consequences of the financial awards set forth below. Judgment shall enter dissolving the marriage of the parties on the ground of irretrievable breakdown. It is further ordered that:
1. CUSTODY AND VISITATION:
The plaintiff and the defendant shall have joint legal custody of their minor children, Casey Philip Donihee and Kathleen Marie Donihee. The childrens' primary place of residence shall be with the plaintiff. The CT Page 11060 defendant shall have rights of reasonable, flexible and liberal visitation with the minor children.
2. CHILD SUPPORT:
The defendant shall pay to the plaintiff child support in accordance with the Child Support Guidelines in effect August 1, 1999. In determining the amount of child support the plaintiff shall include in her gross income the alimony hereinafter ordered and the defendant shall deduct said amount. The weekly gross income of the parties is $440 for the plaintiff and $743 for the defendant. Counsel for the parties are ordered to submit child support guideline worksheets to the court which should include consideration of the income tax consequences of the alimony and the tax exemptions for the children. The worksheets shall be submitted to the court within two weeks from the date of this decision. Payments shall be by contingent wages withholding.
3. MEDICAL INSURANCE AND UNREIMBURSED EXPENSES
Each party shall be responsible for their own health insurance and any uninsured or unreimbursed expenses.
The defendant shall continue to provide his present health insurance (including dental coverage) for the benefit on the minor children. The Child Support Guidelines will govern the allocation of any uninsured or unreimbursed expenses.
4. ALIMONY:
The defendant shall pay to the plaintiff periodic alimony in the amount of $75 per week. For income tax purposes said amount shall be deductible by the defendant and includible by the plaintiff. The payment shall be non-modifiable as to term and shall terminate in 5 years or upon the death of either party, the remarriage of the plaintiff or her co-habitation with an unrelated male. Each party shall furnish the other by April 15 of each year copies of all documents pertaining to their income, from whatever source.
5. PROPERTY DIVISION:
a. 23 North Main Street, Windsor Locks, Connecticut ("Marital Residence"). The defendant shall quitclaim all of his right, title and interest in the marital residence to the plaintiff. The plaintiff shall be solely responsible for the payment of all encumbrances (except as noted) and expenses attributable to the property and indemnify and hold the defendant harmless. CT Page 11061
b. 348 Elm Street, Windsor Locks, Connecticut. The defendant shall retain all of his right, title and interest in the subject property free of any claims of the plaintiff.
c. The plaintiff shall retain her 1988 Chevrolet and 1999 Nissan free of any claims by the defendant. The defendant shall retain his 1988 Chevrolet and his 1941 Plymouth free of any claims by the plaintiff.
d. Each party shall retain all personal property they each have in their respective possessions.
e. Each party shall retain their own bank accounts except for the joint account at Windsor Locks Federal Credit Union which shall be divided equally between the parties.
f. The plaintiff shall retain all of her interest in her individual retirement accounts.
g. The defendant shall transfer to the plaintiff by way of a Qualified Domestic Relations Order $106,000 of his Dexter Espirit Plan. The court retains jurisdiction.
h. The parties shall equally divide the U.S. Savings Bonds.
6. TAX EXEMPTIONS:
The plaintiff shall be entitled to claim Casey for federal, state and local income taxes and the defendant shall be entitled to claim Kathleen. The plaintiff shall sign all necessary tax forms to comply with this order.
7. INCOME TAX REFUNDS:
The income tax refunds being held in escrow by counsel shall be used to pay the outstanding past due real estate taxes on the marital residence. The remainder shall be divided equally between the parties.
8. DEBTS:
Each party shall be liable for the debts listed on their respective financial affidavits.
9. ATTORNEY'S FEES:
Each party shall be responsible for the payment of their own attorneys CT Page 11062 fees.
10. LIFE INSURANCE:
The defendant shall maintain his present life insurance for the benefit of the plaintiff and the minor children as long as he has a support or alimony obligation.
11. MAIDEN NAME:
The plaintiffs maiden name of Richard is restored to her.
John R. Caruso, Judge